**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| STEVE COLEMAN,<br><br>                     Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>                     Defendants. | Case No. 3:23-CV-00606-ART-CLB<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF No. 55] |

Currently pending before the Court is Defendants' motion for leave to file their opposition to Plaintiff Steve Coleman's ("Coleman") motion for summary judgment. (ECF No. 55.) For the reasons discussed below, the Court grants Defendants' motion.

Coleman filed a motion for summary judgment on October 30, 2025. (ECF No. 53.) As Defendants concede, their opposition was due on or before November 20, 2025. (ECF No. 55 at 2); *see also* LR 7-2(b). However, Defendants failed to file their opposition by that deadline. (ECF No. 55 at 2.) According to defense counsel, the deadline was overlooked because he unexpectedly inherited other matters with urgent deadlines after a colleague unexpectedly resigned. (*Id.*) However, a few days after the deadline defense counsel realized his oversight and filed the instant motion. (*Id.*)

Federal Rule of Civil Procedure 6(b)(1)(B) provides that courts "may, for good cause," extend deadlines "on motion made after the time has expired if the party failed to act because of excusable neglect." "This rule, like all the Federal rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010) (alteration in original) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)).

Here, defense counsel unexpectedly inherited other cases with urgent deadlines after his colleague resigned. (ECF No. 55 at 2.) Furthermore, defense counsel caught his mistake and filed a motion for leave within a week of the November 20, 2025, deadline.

(*Id.*) The Court finds this qualifies as excusable neglect.

**IT IS THEREFORE ORDERED** Defendants' motion for leave to file their opposition to Coleman's motion for summary judgment, (ECF No. 55), is **GRANTED**. The Clerk is directed to **FILE** Defendants' opposition to Coleman's motion for summary judgment. (ECF No. 55-2.)

**IT IS FURTHER ORDERED** that Coleman shall file his reply to Defendants' opposition by **Wednesday, December 17, 2025**.

**DATED**: November 26, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**